NOT DESIGNATED FOR PUBLICATION

Nos. 122,272
122,273

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RYAN AUSTIN COCHRAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; TIMOTHY J. CHAMBERS, judge. Opinion filed September 4, 2020. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before GREEN, P.J., ATCHESON and BRUNS, JJ.

PER CURIAM: Ryan Austin Cochran appeals the trial court's decision to revoke his probation in two criminal cases: Nos. 17 CR 300 and 19 CR 74. We consolidated these cases on appeal and granted Cochran's motion for summary disposition under Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47). The State did not respond to Cochran's motion for summary disposition. We nevertheless affirm the trial court's ruling.

In 17 CR 300 Cochran pleaded no contest to attempted robbery and received 24 months' probation with an underlying 30-month prison sentence and 12 months of postrelease supervision. While on probation in that case, Cochran pleaded guilty in 19

1

CR 74 to criminal possession of a firearm and interference with law enforcement. There, the trial court sentenced Cochran to 19 months in prison and 12 months' postrelease supervision. The trial court, however, granted Cochran's request for a dispositional departure and placed him on probation for 18 months.

While on probation in both cases, and after serving multiple sanctions in 17 CR 300 for several previous probation violations, Cochran violated the terms of his probation. In this regard, Cochran failed to report to community corrections as directed in 19 CR 74, leaving his whereabouts unknown. He also failed to notify his supervising officer of his place of employment. At a later revocation hearing, Cochran stipulated to those violations. The trial court imposed Cochran's underlying sentences but entered a modification, requiring the sentences be served concurrently and adding that Cochran was still required to serve his 12 months of postrelease supervision in 17 CR 300.

On appeal, Cochran acknowledges that the trial court had the authority to revoke his probation in both cases. Still, Cochran argues that the trial court's decision to impose his underlying sentences rather than impose another sanction in 17 CR 300 and an initial sanction in 19 CR 74 was unreasonable because he suffers from severe drug addiction. We note that the trial court recognized Cochran suffered from drug addiction issues but hold that its ultimate ruling was not an abuse of discretion.

Once a probation violation has occurred, the trial court has the discretion to revoke a defendant's probation. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). The trial court abuses its discretion if it bases its decision on legal or factual errors or if no reasonable person would agree with its decision. *State v. Ballou*, 310 Kan. 591, 615, 448 P.3d 479 (2019). As the party asserting the trial court's decision was unreasonable, Cochran bears the burden to show that no reasonable person would agree with the trial court's decision. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

Because his probation violations were committed in 2019, the procedure for revoking Cochran's probation is governed by K.S.A. 2019 Supp. 22-3716. See *State v. Kurtz*, 51 Kan. App. 2d 50, 56, 340 P.3d 509 (2014) (holding that the law in effect on the date of the probation violation controls, "not the law that existed when the defendant committed the underlying crime . . . , nor the law in effect when the probation hearing occurred"); Under K.S.A. 2019 Supp. 22-3716(c)(1)(A)-(C), the trial court is generally required to apply an intermediate sanction before it can revoke probation and order the defendant to serve the sentence imposed. An exception exists where probation was granted as a dispositional departure. See K.S.A. 2019 Supp. 22-3716(c)(7)(B).

Before his probation was ultimately revoked in 17 CR 300, Cochran served 2-, 3-, 120-, and 180-day sanctions after committing several probation violations. Because he had already served those intermediate sanctions, the trial court was authorized under K.S.A. 2019 Supp. 22-3716(c)(1)(C) to revoke Cochran's probation in that case. But see L. 2019, ch. 59, § 10 (eliminating the 120- and 180-day sanctions previously required under K.S.A. 2018 Supp. 22-3716(c)(1)[E]). The trial court also acted within its discretion in revoking Cochran's probation in 19 CR 74 because his probation was granted as a dispositional departure. See K.S.A. 2019 Supp. 22-3716(c)(7)(B); *State v. Coleman*, 311 Kan. 332, 337, 460 P.3d 828 (2020). Because Cochran's crime of conviction was committed after July 1, 2017, the trial court was not required to impose intermediate sanctions before revoking his probation.

Additionally, and as noted by the trial court, Cochran's failure to report to community corrections occurred directly after he was sentenced in 19 CR 74. Specifically, Cochran received a generous departure sentence in 19 CR 74 but did not bother to set up his probation after sentencing. And Cochran had a lengthy criminal history and his underlying crimes involved allegations in which he "broke into an ex-

3

girlfriend's house forcibly, by his own admission, stole property from her and threatened her. And . . . was [later] . . . caught with a firearm with a criminal history score B."

Under these facts, we find nothing unreasonable about the trial court's decision to revoke Cochran's probation and impose his underlying sentences.

Affirmed.